IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| LONNIE W. HENRY, | ) | C/A No.: 5:12-01956-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

The plaintiff, Lonnie W. Henry ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Defendant"), denying his claims for disability insurance benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. In the Report, (Doc. #25), the Magistrate Judge recommends that the Commissioner's decision be affirmed. The Plaintiff filed objections to the Report. (Doc. #27). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

1

> judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. Based on this review, the Court is unable to determine whether the decision of the Administrative Law Judge (ALJ) to deny benefits was supported by substantial evidence. In determining whether to uphold the Commissioner's decision to deny benefits, the Court must determine whether the factual findings underpinning the Commissioner's decision were "supported by substantial evidence and were reached through application of the correct legal standard." Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011). The Court reviews the record as a whole, "including any new evidence that the Appeals Council specifically incorporated … into the administrative record." Id. (internal citations omitted).

In Meyer, the Fourth Circuit reversed and remanded a matter to the ALJ, acting on behalf of the Commissioner of Social Security, because after the plaintiff submitted new evidence to the Appeals Council, the Fourth Circuit could not determine whether substantial evidence supported the ALJ's denial of benefits. Id. at 707. The new evidence, an opinion from the treating physician, filled an evidentiary gap noted by the ALJ. Id. The Appeals Council incorporated the evidence into the record but summarily denied review of the ALJ's decision; thus the ALJ, as fact finder, never evaluated the evidence. Id. Moreover, the evidence did not clearly support the plaintiff or the Commissioner. Id. Thus, the Fourth Circuit could not determine whether

substantial evidence supported the ALJ's decision and it remanded the case for the ALJ to weigh the new evidence. Id.

The present matter involves an issue similar to the issue in Meyer. The Plaintiff contends that the ALJ erred by not including the Plaintiff's alleged need for a cane in the Residual Functional Capacity analysis. (Doc. #19). In his decision, the ALJ found that while the Plaintiff testified he used a cane, the record did not mention that a treating physician ever prescribed a cane. Social Security Transcript ("Tr.") at 20. The ALJ used the lack of a prescription to evaluate the Plaintiff's credibility. Id. The ALJ's use of the lack of a prescription to judge the Plaintiff's credibility prevents a finding of harmless error. Following the ALJ's decision, the Plaintiff provided the Appeals Council with additional evidence: an October 7, 2010 assessment by Dr. Rojugdokan (a treating physician) stating that the Plaintiff required a hand-held assistive device when walking. Tr. at 1-5, 362. The Appeals Council incorporated this evidence into the record but summarily denied review of the ALJ's decision. Tr. at 1-5. Thus, no fact finder weighed the new evidence. Furthermore, it is unclear how the ALJ would weigh the evidence because, while the doctor's statement corroborates the Plaintiff's testimony that he needs a cane, the ALJ accorded little weight to the portion of the doctor's opinion available at the time of the hearing. See Tr. at 21. This Court cannot undertake in the first instance to assess the probative value of competing evidence. Meyer, 662 F.3d at 707. As a result, although it is a close question, the Court concludes that Meyer reaches the facts of this case and that it is therefore appropriate to remand the case to the Commissioner for evaluation of the new evidence.

The Magistrate Judge analyzed, in significant detail, the issues that were before her, including the medical record. However, the Plaintiff first cited the Meyer case in his objections

to the Report, and thus the Meyer case was not before the Magistrate Judge. The Court could remand the case back to the Magistrate Judge; however, this Court concludes remand to the Magistrate Judge would not change its analysis. Accordingly, the Commissioner's decision is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. §§ 405(g) and this case is **REMANDED** to the Commissioner for further administrative action in light of the analysis set forth above.

    **IT IS SO ORDERED.**

s/Terry L. Wooten  
Chief United States District Judge

July 8, 2013  
Columbia, South Carolina